# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IVAN DAVIS | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-207J |
| | ) | |
| v. | ) | Judge Gibson |
| | ) | Magistrate Judge Bissoon |
| GERALD ROZUM, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Ivan Davis ("Plaintiff") filed this cause of action against multiple Defendants with this Court on August 10, 2010, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. (Doc. 1). In it, he alleges that corrections staff and medical personnel at the State Correctional Institution at Somerset, Pennsylvania ("SCI Somerset") violated his rights under the Eighth Amendment to the Constitution of the United States by physically assaulting him and then subsequently denying him medical attention.[1] Id. at 1-3. As of the time of this Order, Defendants have not yet been served the complaint.

Before this Court are several of Plaintiff's motions, as well as an Order to Show Cause issued by the Magistrate Judge on October 21, 2010. (Doc. 23). This Court first addresses two motions to appoint counsel (Docs 22 and 25). These will be denied for the same reasons that Plaintiff's three previous motions for counsel (Docs 8, 14, 19) were denied. See (Doc. 12).

Second, this Court addresses Plaintiff's Motion for Temporary Court Order (Doc. 20), which this Court will treat as a motion for preliminary injunction. In this motion, Plaintiff

---

[1] The factual basis for Plaintiff's cause of action is significantly clarified in his subsequent supplement to his complaint, filed on August 26, 2010. See (Doc. 5).

complains of interference with his legal mail (apparently based on the fact that one or more of his filings did not reach this Court until fourteen days after it was mailed), denial of access to a law library, and other, unspecified harassment. Id. at 1.

It is well recognized that a preliminary injunction is an "'extraordinary remedy,' and the party seeking it must show: '(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'" Ball v. Beard, No 10-1419, 2010 WL 3920527, at *1 (3d Cir. Oct. 07, 2010) (quoting Kos Pharm., Inc. v. Andrx Corp, 369 F.3d 700, 708 (3d Cir. 2004)). In the instant case, Plaintiff has failed, at the very least, to demonstrate that he will succeed on the merits of his case, or that he will suffer irreparable harm from the denial of an injunction. Additionally, none of the Defendants have been provided notice of this suit, much less this motion, because Plaintiff has failed to provide this Court with adequate service copies of the amended complaint, or service documents containing necessary information. Thus, an adjudication of this motion at this time would violate the notice requirement of Rule 65(a) of the Federal Rules of Civil Procedure. As such, this motion for preliminary injunction will be denied.

Finally, before this Court is an order to show cause (Doc. 23) why this case should not be dismissed for Plaintiff's failure to comply with the Court's order of September 23, 2010 (Doc. 17), that Plaintiff provide proper instructions, U.S. Marshal Form 285 for service upon Defendants along with a completed notice and waiver of summons for each Defendant, and a copy of the amended complaint for each Defendant, to the Clerk of Court for the Western District of Pennsylvania, on or before October 14, 2010. As of the date of this writing, Plaintiff

has responded to this order in the following manner. First, he has filed a so-called Motion to Go Forward with Lawsuit (Doc. 26), in which he summarizes the factual allegations made in his complaint. Second, Plaintiff has filed a so-called Motion to Show Cause (Doc. 27), in which he once again makes allegations of deprivations of his right under the United States Constitution.[2]

Upon an exhaustive search of Plaintiff's filings, this Court was able to locate notice and waiver of summons forms for all fourteen named Defendants. All of these forms were signed by Plaintiff in the space reserved for the Defendants' signatures and contact information, and thus are deficient.[3] Additionally, this Court was able to locate U.S. Marshal 285 forms for the fourteen named Defendants. However, none of the Marshal 285 forms contain Plaintiff's address and, as such, are all deficient.[4] Consequently, Plaintiff will be ordered to resubmit these forms to this Court, and include the proper information.

Finally, Plaintiff has failed to provide this Court with an amended complaint that contains all of his claims against all of the Defendants.[5] Plaintiff must do this, as well as provide service copies of this comprehensive amended complaint for all Defendants, if he wishes to proceed with this lawsuit. Considering Plaintiff's status as a *pro se* litigant, this Court shall grant him

---

[2] These filings, which have been characterized by Plaintiff as motions, do not appear to move this Court for any sort of order, but instead seem to be responses to this Courts order to show cause. As such, they will be denied as motions, and the arguments therein will be considered in this Court's ruling on the order to show cause – to the extent that such consideration is necessary to come to a decision.

[3] This space is located at the bottom of the notice and waiver of summons form.

[4] Plaintiff instead included the following list in the field that should have contained his address: "1 Clerk of Court 2 SMS Record 3 Notice of Service 4 Billing Statement 5 Acknowledge Document Receipt".

[5] Presuming that Plaintiff does not wish to waive his claims against the Defendants that he named in his original and first amended complaints (Docs. 7 and 13), his second amended complaint (Doc. 21) is, at best, and addendum to his prior filings.

additional time to submit to this as well. Plaintiff is reminded that Rule 15 of the Federal Rules of Civil Procedure grant litigants only one opportunity to amend their complaints as a matter of course. Further amendments require approval by the Court.

AND NOW, this 23rd day of November, 2010,

IT IS HEREBY ORDERED that the Plaintiffs' Motion to Appoint Counsel (Doc. 22) is DENIED.

IT IS FURTHER ORDERED that the Plaintiffs' Motion to Appoint Counsel (Doc. 25) is DENIED.

IT IS FUTHER ORDERED that Plaintiffs' Motion for Temporary Court Order (Doc. 20) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Go Forward with Lawsuit (Doc. 26) is DENIED as MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion to Show Cause (Doc. 27) is DENIED as MOOT.

IT IS FURTHER ORDERED that Plaintiff shall file a complaint that contains all of his claims against all Defendants in one comprehensive document on or before December 14, 2010.

IT IS FURTHER ORDERED that Plaintiff shall submit service copies of the above-mentioned comprehensive amended complaint for each Defendant on or before December 14, 2010.

IT IS FURTHER ORDERED that Plaintiff shall submit Notice and Waiver of Service forms, as well as U.S. Marshal 285 forms, containing all necessary information, for each Defendant on or before December 14, 2010.

IT IS FURTHER ORDERED that the parties are allowed until December 7, 2010, to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.

s/ Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
**IVAN DAVIS**
FK-0500
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510